THE ALEXANDRIA, WARSAW & KEOKUK FERRY COMPANY, *Appellant*, v. WISCH.

**Ferries.** It is no infringement of an exclusive ferry privilege, for a person within the ferry limits, to transport his own property in his own boat.

*Appeal from Clark Circuit Court.*—HON. JNO. C. ANDERSON, Judge.

AFFIRMED.

*N. T. Cherry* and *J. W. Reed* for appellant, cited 3 Black. Com., 218, 219; 3 Kent, 459; *Anonymous*, 1 Hayw. 526; *President, etc., v. Ryder*, 1 John. Ch. 611; *President, etc., v. Miller*, 5 John. Ch. 101; *Long v. Beard*, 2 Tayl. (N. C.) 256; 3 Murph. (N. C.) 57; *Norris v. Farmers, etc., Co.*, 6 Cal. 590; *Gates v. McDaniel*, 2 Stewart (Ala.) 211; *Townsend v. Blewett*, 5 How. (Miss.) 503; *Smith v. Harkins*, 3 Ired. Eq. 613.

*Ben. E. Turner* for respondent, cited Story on Bailments, § 496; *State v. Wilson*, 42 Me. 9; *Challis v. Davis*, 56 Mo. 25.

NORTON, J.—This was an action before a justice of the peace to recover a penalty for an infringement of plaintiff's ferry franchise, under section 5 of plaintiff's charter. The plaintiff had judgment before the justice for $50, from which an appeal was taken to the Clark county circuit court, where, upon a trial, judgment was rendered for de-

fendant, from which plaintiff has appealed. The cause was submitted in the circuit court on the following agreed statement of facts, viz: That plaintiff is incorporated by virtue of an act of the general assembly of the State of Missouri, entitled "An act to incorporate the Alexandria, Warsaw & Keokuk Ferry Company," approved February 20th, 1865, (Sess. Acts 1865, pp. 186, 187,) and amended act approved March 19th, 1866; (Sess. Acts 1866, 213;) that plaintiff organized under said charter, and placed a steam ferry boat in the Mississippi river, running it between the city of Alexandria, in Clark county, Missouri, and the city of Warsaw, Illinois, at a large outlay and expense to plaintiff, for the purpose of transferring freight, passengers, teams and stock, and to do the legitimate business of a ferry between the above named points; that defendants built a large flat boat (twenty-five feet long, seven feet four inches wide and two feet deep) for the express purpose of transferring their own property across the Mississippi river, costing $1,800; that defendants each own and run a large cooper shop in Warsaw, Illinois, and purchase a part of their stock in Missouri; that defendants did, on the — day of July, 1877, land their flat boat within 100 yards of the center of the levee at Alexandria, Missouri, and near the landing of the ferry, and took from said levee a quantity of freight, hoop-poles and staves, their own property, purchased by them prior thereto, and took said freight across the Mississippi river, the same all being exclusively for their cooper-shops; that defendants ran their said flat boat regularly at all times to suit their own convenience, whenever they had material of their own to transfer from the Alexandria levee to their shops at Warsaw, Illinois; that defendants hired not exceeding two hands to take their own boat, and row it over the Mississippi river, and load it, from the said Alexandria levee, within one and a half miles from the center thereof, with hoop-poles belonging to defendants, and carry the same across the river at a certain fixed price per hundred; that plaintiff was running its ferry regularly at

the time of the alleged infringement by defendants, and are at this time running its said ferry; that defendants had notice of the provision of plaintiff's charter and amended charter; that plaintiff had no license from the county court of Clark county.

The only question in the case is, whether the above statement justified the court in rendering judgment for defendant. The 5th section of plaintiff's charter, (Acts 1865, p. 187,) which it is claimed confers the right of action in this case on plaintiff, provides that the Alexandria, Warsaw & Keokuk Ferry Company shall have the exclusive ferry privilege from the said city of Alexandria, in Missouri, to the city of Warsaw, in Illinois    *    *    for the distance of one and a half miles above, and one and a half miles below the present levee of said city of Alexandria on the river, and should any other person or persons keep or run a ferry, and land within said three miles, such person or persons shall forfeit and pay to the ferry company hereby created $50 for every such landing made, to be sued for and recovered before a justice of the peace of the county of Clark. Before the right of plaintiff to recover the penalty prescribed in the above section is established, it must be made to appear that the person or persons sought to be charged with it kept or ran a ferry and landed boats within the territory in which plaintiff had the exclusive right or privilege. That the facts agreed upon do not bring the plaintiff's case within the provisions of the section of its charter above quoted, we think clear. The legislature in using the word "ferry" must be understood to have used it in its legal sense. A ferry is defined in Bouver's Law Dictionary to be "a place where persons are taken across a river or other stream in boats or other vessels for hire." It is defined in Wait's Actions and Defenses, vol. 3, p. 345, to be the "liberty to have a boat for passage upon a river, for the transportation of men, horses, carriages and contents for a reasonable toll." The facts agreed upon do not show that defendants kept or ran a ferry as

42—73

thus defined, but on the contrary, that they simply used a
flat boat in transporting across the Mississippi river their
own property; and this, according to the following author-
ities, they had a right to do : "Any person has a right to
transport himself and his property over a river in his own
boat, even though there may be a ferry at the place where
he crosses." 3 vol. Wait's Act. and Defen., p. 348. But
if he makes this right a cloak or cover for carrying travel-
ers or property of others, then it becomes an infringement
of the ferry right. *Weld v. Chapman,* 2 Iowa 524. Judg-
ment affirmed. All concur.